IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| v. | ) | Criminal Action |
| ROSHAUN HOOD | ) | Case No. 1:10-CR-521 TCB-AJB |
| Defendant. | ) | |

**PRELIMINARY MOTION TO SUPPRESS**

Comes now Roshawn Hood, the presumptively innocent accused citizen in the above-styled criminal action, by and through his undersigned counsel of record, and for his Preliminary Motion to Suppress, shows this honorable Court as follows:

1. That Roshaun Hood has been indicted for the offense of 21 U.S.C. 841(a)(1), 21 U.S.C. 846 .

2. That Roshaun Hood was searched and seized, by law enforcement officials, in locations in which he had a reasonable expectation of privacy, to the best of his knowledge and belief, with and without a warrant, and particularly notes that his residence was searched with a warrant.

3. That upon information and belief, Roshaun Hood alleges that other places, including his homeplace and motor vehicles, in which he had a reasonable expectation of privacy were searched by

law enforcement officials, with and without a warrant.

  4. That said warrant, if one in fact existed, is invalid, in that:

    a. That the affidavit and oral testimony which was offered in support of the search warrant lacked any specifics that would bring a neutral and detached judge to believe that any crime had occurred and contained facts which the affiant knew, or should have known, were false; and

    b. that said affidavit and oral testimony was lacking in sufficient reliability to obtain a search warrant. Specifically,

      (1) That any evidence or information obtained by any corroborating witness was not corroborated in any fashion whatsoever and that said law enforcement officials knew that said evidence was not corroborated;

      (2) That any informant used to obtain evidence to support the issuance of the search warrant was not reliable, and that the unreliable nature of said informant was known or readily known to said law enforcement officials;

      (3) That any evidence presented to said judge was stale;

      (4) Any evidence presented to said judge was

illegally obtained.

5. That had the judge been informed of all of the foregoing, the court would now have issued said warrant.

6. That said search(es) were performed without a valid consent or any other reason that would allow a search without a warrant.

7. That said search(es) were in violation of the Fourth and Fourteenth Amendments to the United States Constitution, and the correlative provisions of the 1983 Constitution of the State of Georgia.

Wherefore, Roshaun Hood prays:

(a) That a hearing be held as to the legality of said search(es); and

(b) That any evidence seized in said search(es) and the fruits thereof be suppressed and not allowed into evidence in the trial of Roshaun Hood' case.

                                                      S/Robert H. Citronberg
                                                      _____
                                                      Robert H. Citronberg
                                                      Attorney for Defendant
                                                      Georgia Bar No. 126275

Suite 4100
303 Peachtree St.
Atlanta, Ga. 30303
404 522-7450
FAX 404-577-0860

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing motion was served electronically:

Ms. Cassandra Schansman
Assistant United States Attorney
Suite 600
Richard B. Russell Bldg.
75 Spring St.,
Atlanta, Ga. 30303

This 5th day of January, 2011

<u>S/Robert H. Citronberg</u>
Robert H. Citronberg
State Bar #126275
Attorney for Defendant