IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| v. | ) | **Criminal Action** |
| **ROSHAUN HOOD** | ) | **Case No. 1:10-CR-521 TCB-AJB** |
| **Defendant.** | ) | |

## MOTION FOR SEVERANCE
## AND SEPARATE TRIAL OF DEFENDANT

Comes now Roshaun Hood, a presumptively innocent accused citizen in the above-styled criminal action, by and through his undersigned counsel of record, and for his Motion for Severance and Separate Trial of Defendant, shows this honorable Court as follows:

1. That Roshaun Hood has been indicted, along with his co-defendants for the offense of 21 U.S.C. 841(a)(1), 21 U.S.C. 846 .

2. That the jury will have insurmountable difficulty and confusion in distinguishing the alleged acts of one defendant from the alleged acts of the other defendants.

3. That evidence in this case may be introduced by the government which may be inadmissible against Roshaun Hood, but

which may be admissible against his co-defendants, all to the prejudice of Roshaun Hood.

    4. That the co-defendants in this case may have substantial criminal records involving arrests, convictions, and imprisonment for misdemeanors and felonies. Although, such evidence might be presented by the government in this regard, it would not be relevant or admissible in the prosecution of Roshaun Hood. Such evidence would have the practical effect of influencing the jury against Roshaun Hood by implication of guilt through association. This implication arises, if by no other means, solely from the fact that these persons are being tried in the same proceedings.

    5. That statements and admissions made by the co-defendants may be in the possession of prosecuting officials and these statements may be of an incriminating nature against Roshaun Hood. Despite admonitions and cautionary instructions from the trial court, the jury will attach and impute criminal liability to Roshaun Hood from the statements of the co-defendants and thereby deny his a fair and impartial trial.

    6. That the defenses of the co-defendants in this case are antagonistic and are in conflict.

    7. That during the course of the trial of Roshaun Hood, he may call as a defense witness, the co-defendants charged in this

case, and possibly others whose testimony would establish his innocence of the offenses alleged, and would be exculpatory in nature. A joint trial of the accused citizens in this case would preclude Roshaun Hood from presenting to the jury all of the facts and circumstances surrounding the incidents that are the subject matter of the charges, in light of the provisions of the United States Constitution that would unquestionably be invoked by the co-defendants.

    8. If the co-defendants refuse to testify in this case, it may be necessary for counsel for Roshaun Hood to make reference to their failure to testify if such non-testifying defendant waives their privilege against self-incrimination. If the co-defendants should refuse to take the stand in their behalf, counsel for Roshaun Hood would perhaps be under a duty to refer to their reliance upon the privilege against self-incrimination in order to fully represent his client. In either case, a mistrial would most likely be necessitated.

    9. Any evidence relating to the participation of the co-defendants in the alleged offenses, while perhaps admissible as to them, could very well be admissible when offered solely and directly against the co-defendants or in its application by being an indirect influence of the jury against Roshaun Hood.

10. A joint trial approach of all the defendants would preclude and prevent the jury from individually considering the guilt or innocence of the defendants based upon their individual acts, conduct and culpability.

Wherefore, Roshaun Hood, respectfully submits that he must be afforded a separate trial on the indictment in this case.

S/Robert H. Citronberg
_____
Robert H. Citronberg
Attorney for Defendant
Georgia Bar No. 126275

Suite 4100
303 Peachtree St.
Atlanta, Ga. 30303
404 522-7450
FAX 404-577-0860

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing motion was served electronically:

Ms. Cassandra Schansman
Assistant United States Attorney
Suite 600
Richard B. Russell Bldg.
75 Spring St.,
Atlanta, Ga. 30303

This 5th day of January, 2011

<u>S/Robert H. Citronberg</u>
Robert H. Citronberg
State Bar #126275
Attorney for Defendant