**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| **ROSHAUN HOOD,** | : | **MOTION TO VACATE** |
| **BOP Reg. # 62385-019,** | : | **28 U.S.C. § 2255** |
| Movant, | : | |
| | : | **CRIMINAL ACTION NO.** |
| v. | : | **1:10-CR-521-TCB-AJB-5** |
| | : | |
| **UNITED STATES OF AMERICA,** | : | **CIVIL ACTION NO.** |
| Respondent. | : | **1:12-CV-2964-TCB-AJB** |

**UNITED STATES MAGISTRATE JUDGE'S
FINAL REPORT AND RECOMMENDATION**

Movant, RoShaun Hood, is confined in the Beaumont Low Federal Correctional Institution in Beaumont, Texas. Movant submitted, through his previous counsel, a 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence in criminal action number 1:10-cr-521-TCB-AJB-5. [Doc. 597; *see also* Docs. 794, 806 (granting motion to withdraw as attorney).][1] Respondent filed a response in opposition. [Doc. 630.] For the reasons discussed below, the undersigned **RECOMMENDS** that the § 2255 motion be **DENIED**.

**I.   Background**

In a first superseding indictment returned on February 8, 2011, Movant was

---

[1]   Citations to the record in this Final Report and Recommendation refer to case number 1:10-cr-521-TCB-AJB-5.

charged with conspiracy to possess with intent to distribute marijuana and drugs known as MDMA and BZP, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), 841(b)(1)(D), & 846 (count one). [Doc. 171 at 1-2.] On February 17, 2011, Movant pleaded guilty. [Doc. 223.] At sentencing on August 26, 2011, the Court determined that Movant's United States Sentencing Guidelines range was 135 to 168 months imprisonment. [Doc. 617 at 2.] However, the Court sentenced Movant to 111 months imprisonment, followed by five years supervised release. [Doc. 433 at 2-3.] Movant did not appeal. Instead, counsel filed Movant's § 2255 motion on August 23, 2012. [Doc. 597.] Respondent does not dispute that the § 2255 motion was timely filed pursuant to 28 U.S.C. § 2255(f).

## II. 28 U.S.C. § 2255 Standard

A motion to vacate, set aside, or correct sentence may be made "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ." 28 U.S.C. § 2255(a). "[C]ollateral review is not a substitute for a direct appeal . . . ." *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (per curiam). Section 2255 relief "is reserved for transgressions of constitutional rights

2

and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." *Id.* (quoting *Richards v. United States*, 837 F.2d 965, 966 (11th Cir. 1988)) (internal quotation marks omitted).

A § 2255 movant "has the burden of sustaining his contentions by a preponderance of the evidence." *Tarver v. United States*, 344 Fed. Appx. 581, 582 (11th Cir. Sept. 18, 2009) (per curiam) (quoting *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980)). The Court must conduct an evidentiary hearing unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." 28 U.S.C. § 2255(b). A district court need not hold an evidentiary hearing where the movant's allegations " 'are affirmatively contradicted by the record, or the claims are patently frivolous. . . .' " *Bain v. United States*, 563 Fed. Appx. 827, 828 (11th Cir. May 12, 2014) (quoting *Aron v. United States*, 291 F.3d 708, 715 (11th Cir. 2002)). As the undersigned will explain below, an evidentiary hearing is not needed because the § 2255 motion and record in this case conclusively show that Movant is entitled to no relief.

3

AO 72A
(Rev.8/82)

**III. Discussion**

Based on the organization of the § 2255 motion, Movant appears to assert only one ground, which concerns ineffective assistance of trial counsel.[2] [*See* Doc. 597 at 6-17.] In order to demonstrate ineffective assistance of counsel, a convicted defendant must show that (1) "counsel's performance was deficient," and (2) "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). As to the first prong, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689 (internal quotation marks omitted). As to the second prong, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. A court may consider either prong first and need not address the

---

[2] Although Movant's plea agreement contains an appeal waiver, the single ground of ineffective assistance of trial counsel is not barred because it implicates the validity of Movant's guilty plea. *See Williams v. United States*, 396 F.3d 1340, 1342 n.2 (11th Cir. 2005).

4

AO 72A
(Rev.8/8
2)

other "if the defendant makes an insufficient showing on one." *Id.* at 697.

"[C]ounsel owes a lesser duty to a client who pleads guilty than to one who decides to go to trial, and in the former case counsel need only provide his client with an understanding of the law in relation to the facts, so that the accused may make an informed and conscious choice between [pleading guilty] and going to trial." *Searcy v. Fla. Dep't of Corr.*, 485 Fed. Appx. 992, 997 (11th Cir. Aug. 9, 2012) (per curiam) (quoting *Wofford v. Wainwright*, 748 F.2d 1505, 1508 (11th Cir. 1984)) (internal quotation marks omitted). A defendant who has pleaded guilty must satisfy the second prong of *Strickland* by showing that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *see also Connolly v. United States*, 568 Fed. Appx. 770, 770-71 (11th Cir. June 10, 2014) (same).

Movant claims that trial counsel provided ineffective assistance by failing to explain the elements of the charged offense in relationship to the alleged facts.[3]

---

[3] Movant notes that he "was believed to be depressed and suffering from great anxiety" at the time of his guilty plea, but counsel "offered no direction or assistance" regarding mental health counseling. [Doc. 597 at 12 n.5.] Movant does not explicitly claim that (1) counsel was ineffective for failing to address Movant's alleged depression and anxiety, or (2) those alleged conditions prevented Movant from voluntarily pleading guilty. Respondent notes that the presentence investigation report contains Movant's statements that he had never been diagnosed with a mental illness

5

[Doc. 597 at 8, 12-16.] Referring to the transcript of the plea colloquy, Respondent notes Movant's statement that he understood the nature of the charged offense.[4] [Doc. 603 at 4; Doc. 630 at 5.] Respondent also notes that Movant agreed with the factual basis of the plea, as set forth by the prosecutor. [Doc. 603 at 10-12; Doc. 630 at 5-6.] Movant stated that he had read and understood the plea agreement, reviewed it with counsel, and was guilty of the charged offense. [Doc. 603 at 2, 7, 12; Doc. 630 at 5, 6.]

Because the Court must presume that Movant's statements under oath during the plea colloquy were true, he bears "a heavy burden" to show that those statements were actually false. *United States v. Garcia*, 322 Fed. Appx. 918, 919 (11th Cir. Apr. 13, 2009) (per curiam) (citing *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994)); *see also Connolly*, 568 Fed. Appx. at 771 ("The Supreme Court has determined that a defendant's representations at a plea hearing 'constitute a formidable barrier in any subsequent collateral proceedings.' ") (quoting *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977)). Movant has not produced any evidence to meet his heavy burden.

---

and had never sought mental health treatment. [Doc. 630 at 17 n.4.]

[4] As Respondent correctly explains, the Court was not obligated to list the elements of the offense. *See United States v. Carver*, 348 Fed. Appx. 449, 450 (11th Cir. Oct. 2, 2009) (per curiam).

6

AO 72A
(Rev.8/82)

Therefore, Movant's ground of ineffective assistance of counsel fails. *See Patel v. United States*, 252 Fed. Appx. 970, 975 (11th Cir. Nov. 1, 2007) (per curiam) (determining that movant's § 2255 allegations in direct conflict with statements during plea colloquy and unsupported by evidence did not establish involuntariness of plea).

To the extent that the § 2255 motion contains any grounds relating to Movant's sentence, Respondent correctly notes that such grounds are barred by the following appeal waiver in Movant's plea agreement:

> LIMITED WAIVER OF APPEAL: To the maximum extent permitted by federal law, the Defendant voluntarily and expressly waives the right to appeal his conviction and sentence and the right to collaterally attack his conviction and sentence in any post-conviction proceeding (including, but not limited to, motions filed pursuant to 28 U.S.C. § 2255) on any ground, except that the Defendant may file a direct appeal of an upward departure or a variance from the sentencing guideline range as calculated by the district court.

[Doc. 223-1 at 12.] Movant signed the agreement, indicating that he had (1) read and understood its terms and conditions, and (2) consented to them. [*Id.* at 14-15.]

"It is well-settled that sentence-appeal waivers are valid if made knowingly and voluntarily." *Williams v. United States*, 396 F.3d 1340, 1341 (11th Cir. 2005). "[T]he government must show that either (1) the district court specifically questioned the defendant concerning the sentence appeal waiver during the [plea] colloquy, or (2) it

7

AO 72A
(Rev.8/8
2)

is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver." *Id.* (quoting *United States v. Bushert*, 997 F.2d 1343, 1351 (11th Cir. 1993)). A valid sentence appeal waiver "precludes . . . § 2255 claims based on ineffective assistance at sentencing." *Id.* at 1342.

As Respondent explains, the Court specifically questioned Movant regarding the appeal waiver during the plea colloquy, and Movant indicated that he understood he was giving up his right to appeal as specified in the plea agreement. [Doc. 603 at 8-9; Doc. 630 at 5.] Because Respondent has made the necessary showing, the undersigned determines that Movant knowingly and voluntarily waived his right to appeal and collaterally attack his conviction and sentence. The waiver bars any grounds relating to Movant's sentence.

### IV.  Certificate of Appealability (COA)

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." A

8

substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

> When the district court denies a [motion to vacate, set aside, or correct sentence] on procedural grounds without reaching the prisoner's underlying constitutional claim . . . a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009) (citing *Slack*, 529 U.S. at 484) (internal quotation marks omitted).

A COA should be denied because the resolution of the issues presented is not debatable. If the Court adopts this recommendation and denies a COA, Movant is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts.

9

AO 72A
(Rev.8/82)

## V. Conclusion

For the reasons stated above,

**IT IS RECOMMENDED** that (1) the motion to vacate, set aside, or correct sentence, [Doc. 597], be **DENIED**; (2) a COA be **DENIED**; and (3) civil action number 1:12-cv-2964-TCB-AJB be **DISMISSED**.

The Clerk is **DIRECTED** to terminate the referral of the § 2255 motion to the undersigned Magistrate Judge.

**IT IS SO RECOMMENDED and DIRECTED**, this ___22nd___ day of September, 2014.

ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)