FILED IN CHAMBERS
U.S.D.C. Atlanta

DEC 23 2014

JAMES N. HATTEN, Clerk
By: /s/ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ROSHAUN HOOD, | : | MOTION TO VACATE |
| BOP Reg. # 62385-019, | : | 28 U.S.C. § 2255 |
| Movant, | : | |
| | : | CRIMINAL ACTION NO. |
| v. | : | 1:10-CR-521-TCB-AJB-5 |
| | : | |
| UNITED STATES OF AMERICA, | : | CIVIL ACTION NO. |
| Respondent. | : | 1:12-CV-2964-TCB |

## O R D E R

This case is before the Court on Magistrate Judge Alan J. Baverman's Final Report and Recommendation ("R&R") [915] and Movant RoShaun Hood's objections [956]. Magistrate Judge Baverman recommends that the motion to vacate, set aside, or correct sentence [597] be denied and a certificate of appealability be denied.

A district judge has a duty to conduct a "careful and complete" review of a magistrate judge's R&R. *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th Cir. 1982)).[1] This review may take different forms, however, depending on whether there

---

[1] The Eleventh Circuit has adopted as binding precedent all Fifth Circuit decisions issued before October 1, 1981, as well as all decisions issued after that date by the Unit B panel of the former Fifth Circuit. *Stein v. Reynolds Sec., Inc.*, 667 F.2d 33, 34 (11th Cir. 1982); *see also United States v. Schultz*, 565 F.3d 1353, 1361 n.4 (11th Cir. 2009) (discussing continuing validity of *Nettles*).

are objections to the R&R. The district judge must "make a de novo determination of those portions of the [R&R] to which objection is made." 28 U.S.C. § 636(b)(1)(C). In contrast, those portions of the R&R to which no objection is made need only be reviewed for clear error. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).[2]

After conducting a complete and careful review of the R&R, the district judge may accept, reject or modify the magistrate judge's findings and recommendations. 28 U.S.C. § 636(b)(1)(C); *Williams*, 681 F.2d at 732. The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1)(C).

As Magistrate Judge Baverman explains, Hood stated at the plea colloquy that he understood the nature of his offense, agreed with the factual basis of the plea, read and understood the plea agreement and reviewed it with

---

[2] *Macort* dealt only with the standard of review to be applied to a magistrate's factual findings, but the Supreme Court has held that there is no reason for the district court to apply a different standard to a magistrate's legal conclusions. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Thus, district courts in this circuit have routinely applied a clear-error standard to both. *See Tauber v. Barnhart*, 438 F. Supp. 2d 1366, 1373-74 (N.D. Ga. 2006) (collecting cases). This is to be contrasted with the standard of review on appeal, which distinguishes between the two. *See Monroe v. Thigpen*, 932 F.2d 1437, 1440 (11th Cir. 1991) (when a magistrate's findings of fact are adopted by the district court without objection, they are reviewed on appeal under a plain-error standard, but questions of law remain subject to de novo review).

counsel, and was guilty. Hood has not produced any evidence to meet his heavy burden to show that his statements under oath at the plea colloquy were actually false. Therefore, Hood does not show that counsel provided ineffective assistance by failing to explain the elements of the offense in relationship to the facts.

Hood objects that he is not guilty of conspiracy to possess with intent to distribute drugs because he had only a buyer-seller relationship with co-defendant Jerome Bushay. As the Government explained in its response [630], Hood admitted ordering thousands of MDMA pills from Bushay and also discussing sales, debts, suppliers, and drug quality with him. Those facts show Hood's guilt of conspiracy to possess with intent to distribute drugs.

The appeal waiver in Hood's plea agreement bars his claims relating to his sentence, including the U.S.S.G. § 2D1.1(b)(1) two-level upward adjustment for possession of a dangerous weapon in connection with the offense. Hood signed the agreement and stated at the plea colloquy that he understood he was giving up his right to appeal as specified in the agreement.

For the foregoing reasons, the Court adopts as its Order the R&R [915]. The motion to vacate, set aside, or correct sentence [597] is denied and a

3

certificate of appealability is denied.  The Clerk is directed to close civil action number 1:12-cv-2964-TCB.

IT IS SO ORDERED this 23rd day of December, 2014.

_____
Timothy C. Batten, Sr.
United States District Judge